Slip Op. 11-103

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| ROCHE VITAMINS, INC., | |
| Plaintiff, | |
| v. | Before: WALLACH, Judge |
| | Court No.: 04-00175 |
| UNITED STATES, | |
| Defendant. | |

[ Plaintiff's Motion to Deem Admitted Certain Paragraphs of Plaintiff's Statement of Material Facts Not in Dispute is DENIED. ]

Dated: August 11, 2011

Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP (Erik D. Smithweiss, Joseph M. Spraragen, and Robert F. Seely) for Plaintiff Roche Vitamins, Inc.

Tony West, Assistant Attorney General; Barbara S. Williams, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Saul Davis); and Sheryl A. French, Office of the Assistant Chief Counsel, U.S. Customs and Border Protection, Of Counsel, for Defendant United States.

**OPINION**

**Wallach, Judge:**

This matter, see generally Roche Vitamins, Inc. v. United States, 750 F. Supp. 2d 1367 (CIT 2010), comes before the court on the Motion to Deem Admitted Certain Paragraphs of Plaintiff's Statement of Material Facts Not in Dispute ("Plaintiff's Motion") filed by Plaintiff

Roche Vitamins, Inc.[1]  Plaintiff asks the court to deem admitted paragraphs 20[2], 21[3], 22[4], 23[5], and 28[6] of Plaintiff's Statement of Material Facts Not in Dispute ("Plaintiff's Fact Statement") because "defendant's responses thereto are insufficient under USCIT R. 56(h) to controvert

---

[1] In Roche, the court stated that it would "not order any statements 'deemed admitted' on the basis of argument in a reply brief; Roche may, if appropriate, file a motion seeking relief. See USCIT RR. 7(b), 37." Roche, 750 F. Supp. 2d at 1370 n.1.

[2] In paragraph 20, Plaintiff states: "BetaTab 20% contains 20% by weight synthetic organic coloring matter. Tritsch Decl. ¶¶ 6, 8; Schwartz Decl. ¶ 11; (Russell Dep. 63:11-18)." Plaintiff's Statement of Material Facts Not in Dispute ("Plaintiff's Fact Statement") ¶ 20. Defendant responds: "Denies.  BetaTab 20% contains beta-carotene with known properties discussed above, but there is no evidence that it is used as a colorant or is coloring matter." Defendant's Response to Plaintiff's Statement of Material Facts Not in Dispute ("Defendant's Fact Response") ¶ 20.

[3] In paragraph 21, Plaintiff states: "Beta-carotene imparts the essential character of BetaTab 20%. Tritsch Decl. ¶ 23." Plaintiff's Fact Statement ¶ 21. Defendant responds: "Denies. The essential character of the BetaTab 20% is provided by the beadlet.  The beta-carotene cannot as a practical matter be produced into a product that will provide provitamin A and antioxidant activity in the human body without the sucrose and gelatin portion of the beadlet.  If the beta-carotene cannot be effectively absorbed by the body, it cannot properly or effectively be converted into vitamin A or act as an antioxidant.  Therefore, it serves no useful purpose in the BetaTab 20%, without the components of the beadlet that permit it to be properly absorbed by the body. Ibid. [referring to Russell Decl., p. 11, ¶ III.C.1, C.3; p. 12, ¶ V.1.]." Defendant's Fact Response ¶ 21.

[4] In paragraph 22, Plaintiff states: "Beta-carotene is commercially sold in the U.S. for use as a colorant and/or source of vitamin A only in a stabilized form. Tritsch Decl. ¶ 7." Defendant responds: "Denies.  Beta-carotene in stabilized form is also sold as an antioxidant.  Furthermore, beta-carotene crystalline is sold in United States for use in producing tablets and/or capsules that will provide provitamin A and antioxidant activity.  Further, plaintiff sells its entire production of beta-carotene crystalline to producers of formulations or preparations that will be eventually used to make tablets and/or capsules that provide provitamin A and antioxidant activity, or formulations/preparations that will be used as a food colorant and/or nutritional supplement." Defendant's Fact Response ¶ 22.

[5] In paragraph 23, Plaintiff states: "BetaTab 20% is a powder with a reddish-brown/orange hue.  The individual particles of the powder contain a finely dispersed solution of beta carotene in a cornstarch-coated matrix of gelatin and sucrose.  Antioxidants are also present in the particles. Tritsch Decl. ¶ 9." Plaintiff's Fact Statement ¶ 23. Defendant responds: "Admits that the BetaTab 20% is a powder with a reddish-brown/orange hue.  Denies that the individual particles of the powder contain a finely dispersed solution of beta carotene in a cornstarch-coated matrix of gelatin and sucrose.  The importation constitutes submicron beadlets in powder form and there is no 'solution.'  Also, we admit that while there are small amounts of other antioxidants in the product to protect the integrity of the betacarotene, the beta-carotene itself is an antioxidant." Defendant's Fact Response ¶ 23.

[6] In paragraph 28, Plaintiff states: "The sucrose in BetaTab 20% also has a plasticizing effect on the gelatin, which provides mechanical stability to the beta-carotene particles within the beadlet matrix.  This stability helps prevent the beadlet from cracking during storage and handling. Tritsch ¶ 13." Plaintiff's Fact Statement ¶ 28. Defendant responds: "Denies.  The patents discussing the sucrose invariably state that the purpose of the sucrose is to provide plasticity and mechanical stability, which in turn permits milling to proper size and conversion of the product into tablets and/or gel capsules.  They do not discuss storage and handling." Defendant's Fact Response ¶ 28.

plaintiff's statement of material facts not in dispute." Plaintiff's Motion at 1.[7]  Plaintiff's argument is as follows:

> [T]he opposing party is required to serve a response to the statement served by the movant. USCIT R. 56(h)(2).  Each numbered response controverting any statement of material fact alleged by the movant must be followed by a citation to admissible evidence. USCIT R. 56(h)(4).  If the responding party's statement does not actually controvert plaintiff's statement, or if the responding party's statement is not followed by citation to admissible evidence (see Rule 56(h)(2) and (4)), then the material fact set forth by the movant will be deemed admitted. USCIT R. 56(h)(3).

Plaintiff's Motion at 2.

Although this court has applied the remedy prescribed by USCIT R. 56(h)(3) to violations of USCIT R. 56(h)(2), see United States v. Tip Top Pants, Inc., Slip Op. 10-5, 2010 Ct. Intl. Trade LEXIS 5 at *17-18 (January 13, 2010); Deckers Corp. v. United States, 29 CIT 1481, 1483, 414 F. Supp. 2d 1252 (2005); United States v. T.J. Manalo, Inc., 26 CIT 1117, 1120, 240 F. Supp. 2d 1255 (2002); Precision Specialty Metals v. United States, 24 CIT 1016, 1024 n.10, 116 F. Supp. 2d 1350 (2000), Plaintiff does not identify any decision explicitly holding that this remedy also applies when an opposing party violates USCIT R. 56(h)(4), see Plaintiff's

---

[7] USCIT R. 56(h) provides that:

(1) On any motion for summary judgment, there must be annexed to the motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried.  Failure to submit this statement may constitute grounds for denial of the motion.
(2) The papers opposing a motion for summary judgment must include correspondingly numbered paragraphs responding to the numbered paragraphs in the statement of the movant, and if necessary, additional paragraphs including a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried.
(3) All material facts set out in the statement required to be served by the movant will be deemed admitted unless controverted by the statement required to be served by the opposing party.
(4) Each statement by the movant or opponent pursuant to Rule 56(h)(1) and (2), including each statement controverting any statement of material fact, will be followed by citation to evidence which would be admissible.

USCIT R. 56(h).

Motion at 1-5.[8]

Even if the remedy provided in USCIT R. 56(h)(3) could apply to a violation of USCIT R. 56(h)(4), it does not apply here. Because paragraphs 20 and 21 contain conclusions of law, Plaintiff's Motion is DENIED as to these two paragraphs. Because deeming paragraphs 22, 23, and 28 admitted could preclude the "correct result" that the Federal Circuit requires this court to reach in customs classification cases, Jarvis Clark Co. v. United States, 733 F.2d 873, 878 (Fed. Cir. 1984), Plaintiff's Motion is also DENIED as to these three paragraphs.

With respect to paragraphs 20 and 21, Defendant correctly argues that the phrases "synthetic organic coloring matter," Plaintiff's Fact Statement ¶ 20, and "essential character," id. ¶ 21, imply legal conclusions that are not properly asserted as facts. See Defendant's Opposition to Plaintiff's Motion to Deem Admitted Paragraphs 20, 21, 22, 23, and 28 of Plaintiff's Statement of Material Facts of November 16, 2009 ("Defendant's Opposition") at 4-8. "The phrase 'synthetic organic coloring matter' is part of the exact language of heading 3204." Id. at 4; see Harmonized Tariff Schedule of the United States ("HTSUS") Heading 3204. "A determination regarding essential character is a legal conclusion, applicable if merchandise is classifiable pursuant to General Rule of Interpretation . . . 3(b)." Defendant's Opposition at 7; see HTSUS General Rule of Interpretation ("GRI") 3(b). USCIT R. 56(h) requires a statement of certain material facts and a response thereto; it says nothing about conclusions of law. See USCIT R. 56(h). Indeed, "the Government cannot controvert a conclusion of law by providing

---

[8] Plaintiff does note, correctly, that this court has "been mindful that denials must be supported by evidence," Plaintiff's Motion at 2-3 (citing Citizen Watch Co. of Am., Inc. v. United States, 724 F. Supp. 2d 1316 (CIT 2010); Ero Indus. v. United States, 24 CIT 1175, 1177 n.2, 118 F. Supp. 2d 1356 (2000)), and points to relevant decisions interpreting a requirement similar to USCIT R. 56(h)(3) that is "found in local rules for the Northern District of Illinois," Plaintiff's Motion at 3-4 (citing N.D. Ill. LR. 56.1(b)(3)(B); Minn. Elevator, Inc. v. Imperial Elevator Servs., Inc., 2010 U.S. Dist. LEXIS 67337 (N.D. Ill. July 1, 2010); Barth v. Village of Mokena, 2006 U.S. Dist. LEXIS 19702 (N.D. Ill. March 31, 2006)).

4

'citation to evidence which would be admissible,' Rule 56(h)(4), since any evidence that would be admissible would be factual in nature, and not legal authority or support." Defendant's Opposition at 5 (citing Tropigas de Puerto Rico, Inc. v. Certain Underwriters At Lloyd's Of London, 637 F.3d 53, 56-57 (1st Cir. 2011)).[9]

With respect to paragraphs 22, 23, and 28, although Defendant acknowledges its failure to provide specific citations in each particular statement, Defendant's Opposition at 8; see id. at 8, 9, 11, Federal Circuit precedent precludes the court from granting the remedy that Plaintiff seeks. In customs classification cases, the court must reach the "correct result." Jarvis Clark, 733 F.2d at 878; see also Universal Elecs. v. United States, 112 F.3d 488, 492 n.3 (Fed. Cir. 1997) (rejecting an approach under which "the meaning of tariff terms could depend on the quality of the importer's advocacy and could shift from case to case based on the showing made by the particular importer"); Simod America Corp. v. United States, 872 F.2d 1572, 1579 (Fed. Cir. 1989) ("[T]he courts are too burdened with cases for the same or similar entries to be litigated and relitigated over and over again."). This obligation extends to both "findings of fact and conclusions of law." Peerless Clothing Int'l, Inc. v. United States, 602 F. Supp. 2d 1309, 1315 (CIT 2009) (citing 28 U.S.C. § 2640(a); Jarvis Clark, 733 F.2d at 878). If the court were to deem paragraphs 22, 23, and 28 admitted on the basis of Defendant's failure to properly cite evidence, it would risk ultimately classifying the merchandise at issue according to facts that, while "true" in the courtroom, may be demonstrably false in the world in which Defendant, Plaintiff, and any other importer must operate. Because the Federal Circuit has rejected that course, see, e.g., Jarvis Clark, 733 F.2d at 878, so too must this court.

---

[9] With respect to paragraph 20, Defendant also argues, correctly, that "[t]here was no citation to evidence precisely because we were asserting there was an absence of such evidence." Defendant's Opposition at 5.

Accordingly, for the reasons stated above, Plaintiff's Motion is DENIED.


                                                            __/s/ Evan J. Wallach____
                                                            Evan J. Wallach, Judge

Dated: August 11, 2011
       New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| ROCHE VITAMINS, INC., | : |
| Plaintiff, | : |
| v. | : Before: WALLACH, Judge |
|  | : Court No.: 04-00175 |
| UNITED STATES, | : |
| Defendant. | : |

## **ORDER**

Upon consideration of Plaintiff's Motion to Deem Admitted Certain Paragraphs of Plaintiff's Statement of Material Facts Not in Dispute ("Plaintiff's Motion"); the court having held oral argument on July 21, 2011 and having reviewed all pleadings and papers on file herein; and good cause appearing therefor, it is hereby

ORDERED that Plaintiff's Motion is DENIED.

__/s/ Evan J. Wallach____
Evan J. Wallach, Judge

Dated: August 11, 2011
       New York, New York